# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

Darren D. Evans
Plaintiff

vs.

Case No. _____

A. Corley, S. Prentice,
Sgt. Drisdal, J. Bell,
T. Bowden, T. Wilson,
W. Young, McBride
Defendant(s)

SCANNED at PCC and E-Mailed
6/10/19 (date) by VK (initials)
8 (# of pages)

## COMPLAINT

☒ 42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐ 28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

☐ Other
_____

*Please note: This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, Darren D. Evans, and states as follows:

My current address is: Pontiac C.C., P.O. Box 99, Pontiac, IL 61764

The defendant A. Corley, is employed as Lieutenant at Pontiac Correctional Center (P.C.C.)

The defendant S. Prentice, is employed as Major at P.C.C.

(1)

The defendant __Drysdale__, is employed as __Sergeant__ at __P.C.C.__

The defendant __J. Bell (C/O)__, is employed as __Correctional Officer__ at __P.C.C.__

(revised 9/96)

The defendant __T. Bowden__, is employed as __C/O__ at __P.C.C.__

Additional defendants and addresses __yes__

For additional plaintiffs or defendants, provide the information in the same format as above on a separate page.

LITIGATION HISTORY

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?   Yes ☐   No ☒

If yes, please describe

_____

_____

_____

B. Have you brought any other lawsuits in state or federal court while incarcerated?
Yes ☐   No ☒

C. If your answer to B is yes, how many? _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

  1. Parties to previous lawsuit:

    Plaintiff(s) _____

    Defendant(s) _____

  2. Court (if federal court, give name of district; if state court, give name of county)



The defendant __T. Wilson__, is employed as __C/O__ at __P.C.C.__

The defendant __W. Young__, is employed as __C/O__ at __P.C.C.__

The defendant __D. McBride__, is employed as __C/O__ at __P.C.C.__

3. Docket Number/Judge

4. Basic claim made

5. Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is it still pending?)

6. Approximate date of filing of lawsuit

7. Approximate date of disposition

For additional cases, provide the above information in the same format on a separate page.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution?   Yes ☒   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?   Yes ☒   No ☐   If your answer is no, explain why not

C. Is the grievance process completed?   Yes ☒   No ☐

*PLEASE NOTE:  THE PRISON LITIGATION REFORM ACT BARS ANY*

## STATEMENT OF CLAIM

Place of the occurrence: Pontiac Correctional Center

Date of the occurrence: May [illegible], 2017, 5th day

Witnesses to the occurrence: Yes

State here briefly the FACTS that support your case. Describe how EACH defendant is involved. Do not give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.

**THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.**

### PARTIES

1) Plaintiff, Darren D. Evans, was incarcerated at Pontiac Correctional Center (P.C.C.) during the events/occurrence described in this complaint.

2) Defendant (Def.) A. Corley, at all time relevant was Lieutenant of North Cell House (NCH) segregation (seg.) at P.C.C. He is sued in his individual and official capacity.

3) Def. S. Prentice, at all times relevant was Major of N.C.H. seg. at P.C.C. She is sued in her individual and official capacity.

4) Def. Drysdale, at all times relevant was Sergeant of N.C.H. seg. at P.C.C. He is sued in his individual and official capacity.

5) Def. J. Bell, T. Bowden, T. Wilson, W. Young and McBride at all time relevant were correctional officers (C/O) assigned to N.C.H. seg. at P.C.C. They are sued in their individual and official capacity.

6) All Def. have acted and continued to act under color of stat law at all times relevant to this complaint.

### FACTUAL STATEMENT

7) On May 5th 2017 around 7 o'clock AM, def. Young and McBride were conducting count check on 1 gallery at NCH when they noticed Plaintiff was unresponsive inside his cell.

8) Plaintiff suffers from a medical condition which cause him to lose consciousness at time.

9) Def. Young notified Drysdale that Plaintiff was unresponsive, def. Drysdale notified Prentice that Plaintiff was unresponsive and all defendants reported to Plaintiff's cell.

10) Plaintiff gained consciousness, noticed the defendants arriving and standing around his cell and handed def. Bowden a piece of paper/note through his door's chuckhole.

11) After def. Bowden read the note he told Plaintiff "You fucked up now. They're going to beat your ass".

12) Plaintiff told def. Bowden that he needed medical attention because he'd just passed out and was experiencing chest pains. Def. Bowden ignored his request for medical attention.

13) Def. Prentice then came to Plaintiff's door, opened his chuckhole, and sprayed mace/pepper spray at him through the chuckhole and closed the chuckhole back.

14) Def. Prentice ordered Plaintiff to come to the door and cuff up. And plaintiff went to the door and turned around to be cuffed up/handcuffed, but def. Prentice never opened the chuckhole for him, refusing to allow Plaintiff to be handcuffed.

15) Def. Prentice instructed def. Corley, Wilson, Bowden and Bell to enter Plaintiff's cell. And Plaintiff's cell door was opened.

16) Def. Corley was the first to enter and he rushed in swinging a closed fist striking Plaintiff in his face, head and upper body causing Plaintiff to fall onto his bed landing on his back.

17) Def. Corley then pounced on top of Plaintiff, placing his legs on each of Plaintiff's biceps, restraining him as def. Young and McBride entered the cell and placed shackles around Plaintiff's ankles.

18) Def. Bell began punching Plaintiff in the face, busting his lower and upper lip and nose, resulting in swelling to his nose cavity and uncontrolable bleeding, cuts on his right eye, extreme swelling to his right cheek bone and a blacked eye. Plaintiff also blacked/passed out during this assault.

19) When Plaintiff gained consciousness, def. Prentice was ordering Plaintiff to be handcuffed and brought out of his cell.

20) Plaintiff was taken to the holding tank in NCH, where Nurse Shawna assesed his injuries and refered him to the Health Care Unit (H.C.U.) At the H.C.U., Cherry Henson gave Plaintiff medical treatment while Internal Affairs officer Michillin took photos of his injuries.

21) Plaintiff was finally returned to his cell and, from a fear for his safety and life and due to the common culture of violence by officers at Pontiac, added Plaintiff's mental disability, he attempted suicide.

**CLAIMS FOR RELIEF: I. 8th Amendment Violation — A. Physical Assault**

22) Def. Corley and Bell violated my 8th amendment right to be free from cruel and unusual punishment, as described in paragraphs 16 and 18, when the hit Plaintiff upon his face, head and upper body with closed fists.

**B. Chemical Agent Assault**

23) Def. Prentice violated Plaintiff's 8th amendment right to be free from cruel and unusual punishment, as described in paragraph 13, when she sprayed pepper spray into Plaintiff's cell without any legitimate justification.

### C. Failure to Protect

24.) All defendants violated Plaintiff's 8th amendment right failing to protect him from being assaulted, as described in paragraphs 13, 16 and 18, when they allowed and didn't stop def. Prentice, Corley and Bell from assaulting Plaintiff.

## II. Tort Claims – A. Assault

25.) Def. Corley and Bell's actions described in paragraphs 16 and 18, constitutes the tort of Assault under the law of Illinois. And def. Prentice's actions described in paragraph 13 constitutes the tort of Assault under the law of Illinois.

### B. Battery

26.) Def. Corley's and Bell's actions described in paragraphs 16 and 18 constitutes the tort of Battery under the law of Illinois.

### C. Intentional Infliction of Emotional Distress (I.I.E.D.)

27.) All defendants actions, and inactions, described in paragraphs 12 thru 19 constitutes the tort of I.I.E.D. under the law of Illinois.

# RELIEF REQUESTED

(State exactly what relief you want from the court.)

A) Issue a declaratory judgment stating:
1) Housing and holding Plaintiff, a seriously mentally ill inmate in an highly aggressive and violent segregation housing unit to do a long term segregation sentence violates the 8th Amendment of the U.S. Constitution.

B) Issue an injunction ordering Defendants or their agents to: Release the Plaintiff from Pontiac's Segregation Housing Unit and never house or hold Plaintiff in a segregation housing unit to do a long term, or over 30 day, segregation sentence.

C) Award compensatory damages in the following amounts: $50,000 jointly and severally against all defendants for the emotional, psychological and physical injuries sustained as a result of the failure to protect from, and the actual, physical and chemical assaults Plaintiff suffered from def. Corley, Bell and Prentice.

D) Award punitive damages in the following amounts: $25,000 each against all defendants.

E) Grant such other reliefs as it may appear that the Plaintiff is entitled.

**JURY DEMAND**   Yes ☐   No ☐

Signed this _____ day of _____,
_____ .

(Signature of Plaintiff)

Name of Plaintiff: Darren D. Evans
Inmate Identification Number: M27589
Address: P.O. Box 99, Pontiac, IL 61764
Telephone Number: